**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph A. White,<br><br>    Plaintiff,<br><br>v.<br><br>United States Department of Treasury,<br><br>    Defendant. | No. CV-18-00154-PHX-JJT<br><br>**ORDER** |

At issue is Defendant the United States' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 16), to which *pro se* Plaintiff Joseph A. White filed a Response (Doc. 19), and the United States filed a Reply (Doc. 20).

In the Complaint (Doc. 1), Plaintiff alleges that the Internal Revenue Service (I.R.S.) erred when it failed to pay him his requested refunds for income tax years 2014, 2015 and 2016, and improperly levied civil penalties on him. Plaintiff now seeks refunds of those monies and an injunction against the I.R.S.

To begin with, as the United States points out in its Motion, the United States is the proper Defendant in this matter, not the Department of Treasury as listed by Plaintiff in his Complaint. *See Whittier v. U.S. Dep't of Justice*, 598 F.2d 561, 562 (9th Cir. 1979) (noting that federal agencies cannot be named in civil lawsuits unless Congress explicitly so authorizes); *see also* 26 U.S.C. § 7422(f)(1) (stating that a federal tax refund suit may only be brought against the United States).

The Court also agrees with the United States that the Court lacks jurisdiction over Plaintiff's tax refund claims. Under 28 U.S.C. § 1346(a)(1), a federal district court does not have jurisdiction over a suit for a federal tax refund if the taxpayer has not paid all of the taxes and penalties assessed by the Commissioner of Internal Revenue in full for the tax years in question. *Flora v. United States*, 362 U.S. 145, 177 (1960). District courts, such as this Court, have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). The Supreme Court has held that the statute requires "full payment of the assessment before an income tax refund suit can be maintained in Federal District Court." *Flora*, 362 U.S. at 177. Because Plaintiff alleges he has not paid the full I.R.S. assessments, the Court lacks jurisdiction over his refund claims.

To the extent Plaintiff also requests an injunction against the United States prohibiting the I.R.S. from assessing or collecting taxes and penalties, that claim also fails for want of jurisdiction. The Anti-Injunction Act, 26 U.S.C. § 7421, states that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." Because the Court lacks jurisdiction over all of Plaintiff's claims, it must dismiss this action.

IT IS THEREFORE ORDERED granting the United States' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 16). All of Plaintiff's claims are dismissed for lack of jurisdiction.

IT IS FURTHER ORDERED directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 28th day of August, 2018.

Honorable John J. Tuchi
United States District Judge